Martin, J.
delivered the opinion of the court. This suit is brought, to rescind the sale of a slave, attacked with the asthma ; sold by the defendant. administratrix of the estate of her husband. She pleads the general issue, and avers that the plaintiff bought the slave at a sale, made by authority of justice, and without any warranty on her part.
On the 7th of July, 1817, seven months after the petition was filed, the defendant amended her answer, stating, that several heirs of her late husband, some of age and others under age, were in existence at the time of the petition, and now, and ought to have been made parties to the suit; whereupon, the plaintiff amended his petition his making the heirs parties. The heirs pleaded prescription, the general issue, the sale by authority of justice, and the absence of a warranty.
*433 East'n District.
March, 1818.
4. A bill of exception was taken by the defendant, to the opinion of the court, in allowing the amendment of the petition, making the heirs parties, as changing the parties and making a new cause of action.
2. The defendant prayed, that a statement of facts (issues) should be made out and submitted to the jury, to which the plaintiff objected, on the ground that he is entitled, by the constitution of the United States, to a trial by jury that this would be abridging the powers of the jury, if they were compelled to find a special verdict, or a special finding in each issue. The district court having overruled the plaintiff's objection, a bill of exceptions was taken.
3. The first issue submitted to the jury, on the part of the defendants, was, “were not the heirs made parties to the present suit on the 7th of July, 1817, and if they were not, when were they made parties?” The plaintiff objected to this issue being submitted to the jury, on the ground, that the time was a matter of record, but the court overruled the objection : a bill of exceptions was taken.
The jury found the issues submitted to them as follows. The plaintiff purchased the negro, at a sale of the effects belonging to the estate of A. Martinez, made at the request of the *434 Widow, heirs and relation, for a sound price. The negro was then troubled with the asthma, which rendered him useless as a plantation negro : he was estimate at S400-The heirs were present, representing the estate; the sale was made for the purpose of effecting a partition, by the parish judge, acting as an eer. The widow and heirs were in possession of the estate about nine years, after the death of Martinez. The malady of the slave, was known to the widow at the time the sale it was not known to the plaintiff: the negro was not warranted, nor was a warranty spoken of. If the negro had been perfectly well, his appearance would not have justified a higher price, than was given by the plaintiff, who did not ill treat him. There was no sale or conveyance made. by the parish judge, except the proces verbal of the sale the heirs were not made, parties till the 7th of July, 1847.
It is a dmitted, that the sale took place on the 14th of August, 1815 and the disease of the slave was discovered by the plaintiff, eight or ten days after.
The judge gave judgment for the defendant, being of opinion, that "the suit was not instituted against the children A. Martinez, deceased ; nor was the widow legally East'n District, *435 brought into court, in her proper capacity till the 7th of July 1817”, and concluding that, as more than six months elapsed on that day, since the discovery of the disease of the negro, by the plaintiff, his claim was prescribed.
The plaintiff appealed.
The widow was first brought into court, by a petition, bearing date of the 6th of December, 1816, within about four months after the discovery of the slave's disease, It is true she is called administratrix of the estate of the deceased: but this was a mere descriptio personae, she was sued in her own right, for a cause of action which never existed against the deceased, and on which site could be liable de bonis propriis at once. The other defendants being parties with her, to the contract on which the action is brought, were properly made parties to the suit, and as the inception of it, interrupted the prescription as to the widow, it does also as to them. The law fin. God. de duob. reis deciding that the acknowledgement, and citation of one of the debtors, interrupts the prescription as to all, gives the following reason for it, quum ex una stirpe, unoque fonte. unus effluxit contractas cel debiti causa, ex eadem acti ne apparuit. Domat, lib. 3 tit. 7, sec. 5 n. 16. & 17.
*436 The district judge erred, and the judgment must, and therefore annulled, avoided and reversed.
I. Proceeding to give such a judgment as ought to have been given below, our attention is first attracted by the bill of exceptions taken by the defendant to the opinion of the court, allowing the new parties to be made. We think the district judge did not err, and refer to the reasons adduced in expressing our opinion, that the first citation interrupted the prescription as to the heirs.
II. We are of opinion that the district judge did not err in allowing the defendant to submit issues to be pronounced upon by the jury. The provision in the constitution of the United States. invoked by the plaintiff, refers only to the trial of causes in the courts of the United States, not in state courts.
III. The day on which the heirs were made parties to the suit, being a matter apparent on the record, we believe the district judge erred in submitting the first issue to the jury.
On the merits, we are of opinion, that the plaintiff has fully proven his allegations-that *437 it is in vain that the defendant invokes the provision in the code, that the action of redhibition does not take place in sales made by authority of justice. Civ. Code, 358, art 74 since it does not appear that the sale was made otherswise than by order of the defendant, by the parish judge. acting as an auctioneer. The absence of a warranty cannot avail the defendant: none is alledged, because the disease was such as to give rise of itself to the redhibitory action.
Morel for the plaintiff, Turner for the defendant.
It is, therefore, ordered, adjudged and decreed, that the sale made by the defendant to the plaintiff of the negro man Thomas be, and it is hereby cancelled; and that the plaintiff be exonerated from the payment of the price at which said negro was adjudged to him, and every part thereof, on his returning the said slave to the defendant, and that the defendant pay costs in both courts.